Hon. John L. Rizzo County Attorney, Genesee County
We acknowledge receipt of your letter inquiring whether a proposed Genesee County local law to change the boundaries of the three representation districts in the City of Batavia from which Genesee County legislators are elected is subject to a mandatory referendum. By telephone you amplified that request and now inquire whether such local law is subject to either a mandatory referendum or a referendum on petition. The local law would change the boundaries to obtain a more equal distribution of population in the districts, inequality having occurred due to population changes since their creation.
Genesee County was the subject of a reapportionment litigation entitled: "Supreme Court, State of New York, Genesee County, James Orlando, JulieNeubert, Joseph Tallo, Plaintiffs, v Board of Supervisors, GeneseeCounty, Council of the City of Batavia, and State of New York,
Defendants." The opinion in the case, unreported, rendered by the Honorable William B. Lawless, Justice of the Supreme Court, dated July 19, 1966, directed judgment requiring Genesee County to reapportion. The opinion provided, in part, as follows:
 "It is true that for a period in excess of one year past the Board has failed to take appropriate action to provide adequate representation in the Board. This delay is due in part to the fact that Genesee County is a non-charter county and to date the New York State Legislature has not given it the express authority to reapportion. However, the direction of this Court fills that vacuum and constitutes full and adequate authorization for the Board of Supervisors of Genesee County to do all that is proper and necessary to secure a constitutional plan of supervisory representation (Matter of Orans, 24 A.D.2d 217, aff'd. 17 N.Y.2d 107, and Grove v. Chemung County Board, supra)." (Emphasis supplied.)
Pursuant to the judgment entered thereon, Genesee County Local Law No. 1 for the Year 1967 was enacted by the Board of Supervisors and was approved at a referendum. Without creating and adopting a county charter the local law created a County Legislature, created new offices of County Legislator, divided the county into districts to elect County Legislators to sit on the County Legislature, abolished the County Board of Supervisors and granted to the County Legislature all the powers, authority, duties, responsibilities and functions formerly within the province of the County Board of Supervisors. The local law was approved by the court and has been in effect without change to the present time.
The Court of Appeals held, in Baldwin v City of Buffalo, 6 N.Y.2d 168
(1959) that a city local law changing the areas from which city supervisors would be elected was a matter relating to the property, affairs or government of the city under the provisions of the City Home Rule Law (a predecessor statute of the Municipal Home Rule Law), was not inconsistent with the provisions of the Constitution or inconsistent with any general law relating to the city's property, affairs or government and thus was not required or permitted to be submitted to a referendum.
Subsequent to that decision, and by Chapter 843 of the Laws of 1963, the City Home Rule Law and several other statutes were repealed and replaced by the Municipal Home Rule Law. Those provisions of the former City Home Rule Law were retained, applicable to all municipalities to which the statute applies, and are now applicable to a county and, although the Municipal Home Rule Law, § 23, subdivision 2, paragraph h, provides for a mandatory referendum on a local law if it: "h. In the case of a city, changes the boundaries of wards, or other districts, from which members of the county board of supervisors, chosen as such in such city to represent the city, are elected.", we are dealing here with a county local law, not a city local law, and there is no provision requiring or permitting a referendum in relation thereto.
If it be argued that a county local law changing the boundaries of districts from which members of its legislative body are elected is subject to a referendum on petition because of the provisions of Municipal Home Rule Law, § 24, subdivision 2, paragraph j, that position can not prevail because a local law so referred to is one enacted pursuant to the statutory authority therein mentioned, which statutory authority was not created until passage of Chapters 834 and 835 of the Laws of 1969, a date subsequent to the judicially created authority and the Court's directions relating to your 1967 local law. The 1969 amendments specifically provided that they were applicable only when the authority used was that created by the 1969 statutes which power was therein specifically stated to be in addition to, and not in substitution for, any other power. Thus, the 1969 amendments to the Municipal Home Rule Law do not apply to the power of Genesee County to amend its 1967 local law which reapportioned the county through the technique of creating districts for election of county legislators; neither do any other amendments to the law.
In our opinion: upon the adoption of Genesee County of its Local Law No. 1 for the Year 1967, which local law was not inconsistent with the provisions of the Constitution or any general law relating to the property, affairs or government of that county, the county had the power thereafter, under the provisions of the Municipal Home Rule Law, to change the areas from which the county legislators would be elected; Genesee County had the power to do this without a referendum unless a statutory provision existed requiring or permitting a referendum and as we find no such statute we conclude that no referendum was either required or permitted; unless there has been a statutory change since 1967 which would alter this condition, the County of Genesee may still amend that local law and an amendment by local law is neither required nor permitted to go to a referendum; amendments to the Municipal Home Rule Law by Chapters 834 and 835 of the Laws of 1969 did not terminate this power as the amendments were a grant of power in addition to, and not in substitution for, any other power of a municipality to act by local law and no other amendments are applicable.